*(handwritten: a. Brown 11-16-16 D. Vopel)*

*(handwritten top right: GL-M / 7 M. Addo)*

Filed
D.C. Superior Court
11/10/2016 15:05PM
Clerk of the Court

## SUMMONS AND COMPLAINT AGAINST THIRD-PARTY DEFENDANT

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
#### CIVIL DIVISION
500 Indiana Avenue, N.W.   Telephone:  879-1133

District of Columbia Water and Sewer Authority   *Plaintiff*

v.

Edge Investment, LLC   ,   *Defendant and*   Civil Action No.  2016 CA 000187 B
                                *Third Party-Plaintiff*

v.

The District of Columbia,
Serve: Karl A. Racine, Esq., Registered Agent  ,   *Third-Party Defendant*

**NOTE:  See important information on back of this form.**

To the above-named Third-Party Defendant:

You are hereby summoned and required to file an Answer to the attached Third-Party Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.   There is also served upon you herewith a copy of the complaint of the plaintiff which you may but are not required to answer.

The Answer must be filed in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m. Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays, but not on Sundays or holidays.   On or before the day you file your Answer, a copy of it must be mailed to the attorneys for the party plaintiff and for the Defendant and third-party who is suing you.   The attorneys' names and addresses appear below.   If either party has no attorney, a copy of the Answer must be mailed to that party at the address stated on this Summons.

| | |
|---|---|
| Frederick A. Douglas, Esq. | Debra F. Leege, Esq.  *(signature)* Deb. F. Leege |
| Name of Plaintiff's Attorney | Attorney for Defendant Third-Party Plaintiff |
| 1850 M Street, NW, Suite 640 | Greenstein DeLorme & Luchs, P.C. |
| Washington, DC  20036 | 1620 L Street, NW, Suite 900, Washington, DC 20036 |
| Address | Address |
| 202-776-0370 | 202-452-1400 / dfl @ gdllaw.com |
| Telephone | Telephone |

11/10/2016

Date: _____

Clerk of the Court

By: _____ *(signature and seal)*

Form CV(6)-446/Mar 88
3-3151 w6286



## SUMMONS AND COMPLAINT AGAINST THIRD-PARTY DEFENDANT

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
#### CIVIL DIVISION
500 Indiana Avenue, N.W.   Telephone:  879-1133

District of Columbia Water and Sewer Authority,   *Plaintiff*

v.

Edge Investment, LLC                    ,   *Defendant and*   Civil Action No.  2016 CA 000187 B
                                             *Third Party-Plaintiff*

v.

The District of Columbia,
Serve: Muriel Bowser, Mayor           ,   *Third-Party Defendant*

**NOTE:  See important information on back of this form.**

To the above-named Third-Party Defendant:

You are hereby summoned and required to file an Answer to the attached Third-Party Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  There is also served upon you herewith a copy of the complaint of the plaintiff which you may but are not required to answer.

The Answer must be filed in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m. Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays, but not on Sundays or holidays.   On or before the day you file your Answer, a copy of it must be mailed to the attorneys for the party plaintiff and for the Defendant and third-party who is suing you.   The attorneys' names and addresses appear below.   If either party has no attorney, a copy of the Answer must be mailed to that party at the address stated on this Summons.

Frederick A. Douglas, Esq.                        Debra F. Leege, Esq.
Name of Plaintiff's Attorney                      Attorney for Defendant
                                                  Third-Party Plaintiff
1850 M Street, NW, Suite 640                      Greenstein DeLorme & Luchs, P.C.
Washington, DC  20036                             1620 L Street, NW, Suite 900, Washington, DC 20036
Address                                           Address

202-776-0370                                      202-452-1400 / dfl @ gdllaw.com
Telephone                                         Telephone

Date: **11/10/2016**

*Clerk of the Court*

By:

○                    ○

**SUMMONS AND COMPLAINT AGAINST THIRD-PARTY DEFENDANT**

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
#### CIVIL DIVISION
500 Indiana Avenue, N.W.   Telephone:   879-1133

District of Columbia Water and Sewer Authority,   *Plaintiff*

v.

Edge Investment, LLC                          ,   *Defendant and*      Civil Action No.   2016 CA 000187 B
                                                  *Third Party-Plaintiff*
v.

The District of Columbia,
Serve: Office of Risk Management              ,   *Third-Party Defendant*

**NOTE:   See important information on back of this form.**

To the above-named Third-Party Defendant:

    You are hereby summoned and required to file an Answer to the attached Third-Party Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.   There is also served upon you herewith a copy of the complaint of the plaintiff which you may but are not required to answer.

    The Answer must be filed in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m. Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays, but not on Sundays or holidays.   On or before the day you file your Answer, a copy of it must be mailed to the attorneys for the party plaintiff and for the Defendant and third-party who is suing you.   The attorneys' names and addresses appear below.   If either party has no attorney, a copy of the Answer must be mailed to that party at the address stated on this Summons.

Frederick A. Douglas, Esq.                        Debra F. Leege, Esq.   *Debra F. Leege*
Name of Plaintiff's Attorney                      Attorney for Defendant
                                                  Third-Party Plaintiff
1850 M Street, NW, Suite 640                      Greenstein DeLorme & Luchs, P.C.
Washington, DC 20036                              1620 L Street, NW, Suite 900, Washington, DC 20036
Address                                           Address

202-776-0370                                      202-452-1400 / dfl @ gdllaw.com
Telephone                                         Telephone

Date: **11/10/2016**                              *Clerk of the Court*

                                                  By: _____

Form CV(6)-446/Mar 80
8-3151 wd286

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

DISTRICT OF COLUMBIA WATER AND SEWER
AUTHORITY,

     *Plaintiff,*

v.

FIRST HAND LAND, LLC, *ET AL.,*

     *Defendants.*

EDGE INVESTMENT, LLC,

     *Counter-Plaintiff,*

v.

DISTRICT OF COLUMBIA WATER AND SEWER
AUTHORITY,

     *Counter-Defendant.*

EDGE INVESTMENT, LLC,

     *Third Party Plaintiff,*

v.

THE DISTRICT OF COLUMBIA
     Serve: Mayor Muriel Bowser
     1350 Pennsylvania Avenue, N.W., Suite 600
     Washington, D.C. 20004

     Serve: Karl A. Racine, Esq.
     Registered Agent, District of Columbia
     441 4th Street, N.W., Suite 600 South
     Washington, D.C. 20001

     Serve: Office of Risk Management
     Attn: Claims
     441 4th Street, N.W., Suite 800 South
     Washington, D.C. 20001

     *Third Party Defendant,*

2016 CA 000187 B
Judge Thomas Motley
Next Event:  Scheduling Conference –
              December 21, 2016 at
              11:00 a.m.

### EDGE INVESTMENT, LLC'S
### THIRD PARTY COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Defendant/Third Party Plaintiff Edge Investment, LLC ("Edge"), by counsel, and hereby asserts its Third Party Complaint against the District of Columbia. Edge also demands trial by jury as to its Third Party Claims. In support of its Third Party Complaint, Edge asserts as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to D.C. Code § 11-921 (2001 ed.) and the amount in controversy exceeds Five Thousand Dollars ($5,000.00), exclusive of interest, costs, and attorneys' fees.

2.      Venue properly lies in the District of Columbia because the events and omissions giving rise to Edge's claims occurred within the District of Columbia.

### PARTIES

3.      Third Party Plaintiff Edge Investment, LLC ("Edge") is a domestic limited liability company that owns the real property and improvements located at 1744 D Street, N.E. in Washington, D.C. (Square 4546, Lot 168) (the "Property").

4.      Third Party Defendant District of Columbia (the "District") is a municipal corporation.

### FACTS APPLICABLE TO ALL COUNTS

5.      The District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") is an executive agency of the D.C. government that has taken actions described in this Third Party Complaint on behalf of the District.

4839-8754-4891.v1

6.      On information and belief, The District of Columbia Water and Sewer Authority ("DC Water") is authorized to operate the Northeast Boundary Tunnel Sewer ("NEBTS") on behalf of the District of Columbia.

7.      Pursuant to D.C. Code § 34-2202.03, DC Water had the authority to properly document the existence of the location of the NEBTS on the Property.

8.      Pursuant to DC Code § 34-2202.03, DC Water had the authority to impose rules, regulations and policies to reasonably safeguard the NEBTS.

9.      On or about April 10, 2013, the DCRA issued Building Permit No. B1209825 (the "Building Permit") to First Hand Land, LLC ("First Hand"). The Building Permit allowed the construction of a "New 3-story and cellar with penthouse residential building" on the Property.

10.     On information and belief, the DCRA issued the Building Permit to First Hand without DC Water first having approved a Water and Sewer Availability Slip.

11.     In 2012 and in 2013, it was a common practice for DCRA to issue an approved building permit to an applicant before the permit applicant had obtained approval of a water and sewer availability slip from DC Water. DC Water knew, or should have known, about this common DCRA practice as that practice was widely known in the building community, at DCRA, and had been taking place for several years.

12.     As of May 1, 2013, DC Water knew that the NEBTS ran under the surface of the Property. At that time DC Water also knew that there was neither an easement, nor any other type of written access or right-of-way document, that a prospective purchaser could find in the chain of title for the Property.

13.     As of May 1, 2013, DC Water had failed to use its statutory authority to provide proper notice of either the existence or the location of the NEBTS on the Property.

3

14.     As of May 1, 2013, DC Water had failed to take reasonable steps to safeguard the NEBTS on the Property.

15.     As of May 1, 2013, DC Water had failed to notify DCRA as to the location of the NEBTS under the Property.

16.     On or about May 10, 2013, Edge closed on a purchase of the Property pursuant to a sales contract with First Hand.  As part of the closing, First Hand transferred the Building Permit to Edge.

17.     Edge subsequently obtained Building Permit No. B140957 (the "Revised Building Permit") from DCRA.  The Revised Building Permit was obtained by Edge to change the name of the permit holder from First Hand to Edge, but made no other changes.

18.     Prior to purchasing the Property, Edge obtained a title report for the Property. The title report did not identify any easement (or other encroachment) that allowed either DC Water or anyone else to operate an underground sewer tunnel under or on any part of the Property.

19.     The Underground Facilities Protection Act, D.C. Code §§ 34-2701, *et. seq.* ("UFPA") is a statute designed to protect underground facilities like the NEBTS.

20.     The UFPA mandates DC Water's participation in the one-call center process, which established a central one-call center (commonly known as "Miss Utility").

21.     One purpose of the UFPA is to provide notice to public utility operators of planned excavation activities or demolition in a specified area.

22.     DC Water's inclusion in the UFPA was mandated to help protect DC Water's underground facilities.

23.     The UFPA mandates that prior to conducting excavation, the one-call center must be notified by telephone or teletype at least 48 hours but not more than 10 days prior to the start of the excavation.

24.     Under the UFPA, DC Water was required to participate in the one-call system and to provide information on the existence and location of its underground facilities in response to one-call center inquiries from the public.

25.     Pursuant to the UFPA, on Wednesday, May 22, 2013, Mr. Abim Anifalaje ("Mr. Anifalaje"), the person overseeing construction of the Building on the Property that was authorized by the Building Permit, telephoned the one-call center to provide advanced notice about proposed excavation and construction activities on the Property.  This inquiry was assigned Ticket No. 13282502.

26.     May 22, 2013 was a date that was at least 48 hours, but not more than 10 days, prior to May 30, 2013.

27.     In May 2013, a Maryland company called One Call Concepts, Inc. "One Call Concepts") operated the one-call center.  On information and belief, Once Call Concepts owns and uses the trade name "Miss Utility" in Maryland and in the District.

28.     Mr. Anifalaje's one-call center notification by telephone on May 22, 2013 was assigned Ticket No. 13282502 by One Call Concepts.

29.     Effective as of July 1, 2011, DC Water authorized a Maryland company called Pinpoint Underground, LLC ("Pinpoint") to respond to one-call center inquiries on DC Water's behalf.

30.     From May 22-23, 2015, Pinpoint was authorized by DC Water to respond to one-call center inquiries regarding DC Water's underground facilities in the District, which facilities included the NEBTS.

5

31.     The one-call center notified Pinpoint about Ticket No. 13282502 on May 22, 2013 at approximately 12:48 p.m.  A true copy of the Ticket Transmission Report for Ticket No. 13282502 that was obtained from Once Call Concepts by subpoena is attached as Exhibit A.

32.     On May 23, 2013, Pinpoint responded to the one-call center notification that was assigned Ticket 13282502.  Pinpoint's response as to DC Water's underground facilities, which facilities included the NEBTS, was "Clear/No Conflict".  A true copy of the Status History for Ticket No. 13282502 that was obtained from Once Call Concepts by subpoena is attached as Exhibit B.

33.     The "Clear/No Conflict" response made by Pinpoint to Ticket 13282502 was authorized by DC Water.

34.     A true copy of the one-call center email response to Mr. Anifajale listing Pinpoint's response of "Clear/No Conflict" as to DC Water's underground facilities is attached as Exhibit C.

35.     One Call Concepts maintains a website that contains a publicly available record of Ticket No. 13282502.

36.     A true copy of the a screen print from the Miss Utility website that contains a publicly available record of the one-call center notification assigned Ticket No. 13282502 is attached as Exhibit D.

37.     After receiving a "Clear/No Conflict" finding from the one-call center as to DC Water's underground facilities on May 23, 2013, it was reasonable for Mr. Anifajale both to assume, and to rely upon, the fact that Pinpoint had determined that DC Water's underground facilities would not be impacted by the proposed construction on the Property.

38.     After receiving a "Clear/No Conflict" finding from the one-call center as to DC Water's underground facilities on May 23, 2013, it was reasonable for Mr. Anifajale both to

6

assume, and to rely upon, the fact that Pinpoint had determined that DC Water did not have any underground facilities that needed to be protected on the Property.

39.     After receiving a "Clear/No Conflict" finding from the one-call center as to DC Water's underground facilities on May 23, 2013, it was reasonable for Mr. Anifajale both to assume, and to rely upon, the fact that Pinpoint had determined that DC Water did not have any underground facilities that needed to be protected in the vicinity of where construction activities related to the Building were taking place.

40.     Between May 1, 2013 and June 4, 2013, neither DC Water, nor anyone acting on behalf of DC Water, put marks or stakes over the NEBTS anywhere above where the NEBTS runs under the Property.

41.     Neither DC Water, nor anyone acting on behalf of DC Water, placed marks or stakes over the NEBTS anywhere above where the NEBTS runs under the Property within forty-eight hours after May 22, 2013 at 12:48 p.m.

42.     Neither DC Water, nor anyone acting on behalf of DC Water, put marks or stakes over the NEBTS anywhere above where the NEBTS runs under the Property at any time during the course of construction of the Building from May 30, 2013 to December 2, 2013.

43.     DC Water did not provide the approximate location of the NEBTS to Edge either prior to the start of excavation or at any other time during the course of construction of the Building from May 30, 2013 to December 1, 2013.

44.     DC Water did not provide the approximate location of the NEBTS to Mr. Abim Anifalaje either prior to the start of excavation or at any other time during the course of construction of the Building from May 30, 2013 to December 1, 2013.

7

45.     DC Water did not provide the approximate location of the NEBTS to Mark Langford of Langford Excavating either prior to the start of excavation or at any other time during the course of construction of the Building from May 30, 2013 to December 1, 2013.

46.     DC Water did not provide the approximate location of the NEBTS to anyone on site at the Property prior to the start of excavation or at any other time during the course of construction of the Building from May 30, 2013 to December 1, 2013.

47.     DC Water knew about the results of the one-call center notice and response reflected in Ticket No. 13282502 prior to filing this case because a copy of that ticket record was produced to DC Water's counsel in a response to a request for production and as Exhibit P-106 during raze proceedings that DC Water had initiated before the Office of Administrative Hearings ("OAH").

48.     Sometime in November of 2013, Mr. Sydney Hodnett, who Edge believes works for a company called "The Carterway Group", submitted paperwork to DC Water to obtain approval to allow for water and sewer service connections to be made to the Building.

49.     On December 2, 2013, Edge received an email from a DC Water employee named Darius Regis indicating that construction a building over the NEBTS would be very costly.  This was the first time that Edge learned about DC Water's claim that the NEBTS was located under the property.

50.     By December 2, 2013, construction of the Building was substantially complete. At that time all required third-party inspections of the Building were also completed, approved and accepted by DCRA.

51.     Edge reasonably relied, to its detriment, on the title report, on the lack of any recorded easement on the Property, on DCRA's approval of the Building Permit, on DCRA's approval of third party inspections, and on DCRA's approval of the Revised Building Permit.

52.     Mr. Anifajale, and the excavator that Mr. Anifajale supervised, justifiably relied upon the "Clear/No Conflict" determination by Pinpoint on May 23, 2013 as to the absence any DC Water underground facilities needing protection at the Property.

53.     As requested by DC Water, Edge prepared and submitted engineering reports in both December 2013 and March 2014 that concluded that the Building did not present any danger to either the NEBTS or to public health or safety.  DC Water did not respond to either engineering report that was submitted by Edge.

54.     On December 22, 2014, DC Water prepared an Executive Summary, which included an engineering report prepared by Hills-Carnes Engineering Associates, Inc., wherein DC Water determined that "D.C. Water should demand the demolition of the building" and "implement a permanent repair of the [NEBTS] that will be subject to a more predictable and balanced loading for the century old brick sewer."

55.     On December 23, 2014, DC Water wrote a letter to DCRA requesting that "pursuant to Title 6 Chapter 8 of the Code of the District of Columbia, that DCRA take immediate action to condemn and demolish the property."

56.     On January 7, 2015, Edge, DCRA, and DC Water met to discuss this matter.  At that time, DCRA and DC Water repeated that water and sewer service to the Building will not be approved and demolition of the Building will be pursued.

57.     On January 8, 2015, DCRA sent an Amended [sic] Notice to Revoke Building Permits Numbers B1209825 and B1410957 to Edge.  Edge appealed that decision to the Office of Administrative Hearings in a case captioned *Edge Investments LLC v. D.C. Department of Consumer and Regulatory Affairs*, 2015-DCRA-00009 ("Building Permits Case").

4839-8754-4891.v1

58.     On January 22, 2015, DCRA sent a Notice of Intent to Raze Residential Structure
to Edge ("Notice of Intent to Raze") allegedly under 12A DCMR §116.1. The Notice of Intent
to Raze was subsequently withdrawn by DCRA.

59.     On January 29, 2015, DCRA filed a new "Notice of Intent to Raze Residential
Structure ("New Notice to Raze")" allegedly pursuant to 12A DCMR §115.1. Edge filed a
timely Notice of Appeal of the New Notice to Raze, in a case captioned, *Edge Investments LLC
v. D.C. Department of Consumer and Regulatory Affairs*, 2015-DCRA-00017.

60.     By letter dated April 20, 2015 to DCRA, DC Water requested immediate removal
of the building at the Property to protect the health and safety of the citizens of the District of
Columbia. A true and accurate copy of the April 20, 2015 letter is attached hereto as Exhibit E.

61.     Without any documentation or other evidence, DC Water arbitrarily concluded
that the Building constituted an "immediate threat to the sewer".

62.     On April 22, 2015, DCRA withdrew the New Notice to Raze. The same day,
counsel for Edge was advised that DCRA had filed an Order to Raze and an Amended Order to
Raze advising that the Building would be razed on Friday, April 24, 2015, which date was less
than thirty-six hours later. A true and accurate copy of the Amended Order to Raze is attached
hereto as Exhibit F.

63.     The Amended Order to Raze states that "based on D.C. Water's findings that this
building creates an unsafe condition because it presents an imminent danger and catastrophic
threat to the structure viability of the Northeastern Boundary Tunnel Sewer ("NEBTS/SEWER").
The Sewer's collapse would imperil other structures in the vicinity" allegedly relying upon D.C.
Code §§ 6-801 and 42-3131.01(c).

4839-8754-4891.v1

64.     In making its arbitrary determination for the Amended Order to Raze, DCRA made no independent inspection or investigation of the NEBTS and relied entirely on the allegations made by DC Water, which allegations DCRA knew were disputed.

65.     On information and belief, DCRA issued the Amended Order to Raze under threat of litigation from DC Water.

66.     The Building was razed on May 18, 2015 by DC Water.

67.     Authority under D.C. Code §§ 6-801 and 42-3131.01(c) is vested solely with DCRA, so only DCRA, and not DC Water, was authorized by law to raze the Building.[1]

68.     At the time the Building was razed by DC Water, the Property and completed improvements were valued at more than $1.6 million dollars.

69.     Although DC Water maintained that the Building had damaged the NEBTS and would continue to damage the NEBTS unless the Building was demolished, DC Water and the District refused to permit access to the NEBTS by Edge's engineers, which would have allowed them to inspect and verify any alleged damages.

70.     DC Water's refusal to permit access to the NEBTS is particularly egregious given that the NEBTS encroaches upon the Property without the authorization or consent of Edge.

71.     On information and belief, on October 24, 2014, the District filed a Certificate of Order of Condemnation for Insanitary Building ("Condemnation Certificate") against Edge with the Recorder of Deeds.  The Condemnation Certificate has been assigned document number 2014097894.  A copy of the Condemnation Certificate is attached as Exhibit G.

72.     Edge was not notified of the filing of the Condemnation Certificate nor of a pending condemnation action.

---

[1] For purposes of the Third Party Complaint, Edge assumes that DCRA was acting at the behest of the Mayor.

11

73.     On information and belief, on September 11, 2015, the District filed a Certificate

of Delinquent Costs for Correction of Wrongful Housing Conditions ("First Delinquent Costs

Certificate") against Edge in the amount of $3,385,593.31 with the Recorder of Deeds.  The First

Delinquent Costs Certificate was assigned document number 2015093640.  A copy of the First

Delinquent Costs Certificate is attached as Exhibit H.

74.     Edge was not notified of the filing of the First Delinquent Cost Certificate.

75.     On information and belief, on September 11, 2015, the District of Columbia filed

a Certificate of Delinquent Costs for Correction of Wrongful Housing Conditions ("Second

Delinquent Costs Certificate") against Edge in the amount of $267,351.00 with the Recorder of

Deeds.  The Second Delinquent Costs Certificate was assigned document number 2015093672.

A copy of the Second Delinquent Costs Certificate is attached as Exhibit I.

76.     The First and Second Delinquent Cost Certificates each purportedly rely upon

D.C. Code § 42-3131.

77.     Edge was not notified of the filing of the Second Delinquent Cost Certificate.

## COUNT I
### (VIOLATIONS OF EDGE'S DUE PROCESS RIGHTS

78.     Edge hereby incorporates paragraphs 1–77 of its Third Party Complaint.

79.     Edge had vested property rights in the Property, in the Building Permit, and in the

Revised Building Permit that were harmed by DC Water's actions.

80.     DCRA, in apparent coordination and collusion with DC Water, has violated

Edge's constitutional rights to due process, to equal protection under the law, and to freedom

from bills of attainder.

81.     DCRA, in collusion with DC Water, has violated Edge's right to due process

under the District of Columbia Administrative Procedures Act, D.C. Code § 2-209 *et seq.*

82.    Edge has been damaged by DCRA's violation of Edge's constitutional rights.

83.    Edge exhausted its administrative remedies against DCRA prior to filing its Third Party Complaint.

84.    There is an affirmative link between DCRA's conduct in violating Edge's due process rights and the damages suffered by Edge.

85.    DCRA's conduct in violating Edge's constitutional rights was both egregious and gravely unfair as DCRA deliberately flouted the law in order to trammel significant property rights of Edge.

## COUNT II
### (UNCONSTITUTIONAL TAKING OF PRIVATE PROPERTY)

86.    Edge incorporates by reference paragraphs 1- 85 of its Third Party Complaint.

87.    DCRA, in collusion with DC Water, has subjected Edge to a private taking and a taking without just compensation.

## COUNT III
### (TRESPASS)

88.    Plaintiff incorporates by reference paragraphs 1-87 of the Third Party Complaint as if fully set forth herein.

89.    Edge has the exclusive right to use the Property.

90.    The District has authorized DC Water to operate the NEBTS.

91.    The District has allowed DC Water, without legal claim of right, to cause DC Water's agents and the NEBTS to enter upon and physically occupy the Property.

92.    DC Water's interference with Edge's property rights constitutes a trespass.

93.    Edge has been damaged by, and continues to be damaged by, the District and DC Water's trespass, which trespass is continuing and has occurred without Edge's authorization or consent.

13

94.    The continuing trespass on the Property by DC Water is willful and unlawful.

### COUNT IV
### (QUIET TITLE)

95.    Plaintiff incorporates by reference paragraphs 1- 94 of the Third Party Complaint as if fully set forth herein.

96.    By virtue of a deed dated May 10, 2013, Edge acquired the entire fee simple interest in the Property from First Hand.

97.    At the time Edge purchased the Property from First Hand, there was neither an easement, nor any other encumbrance of record, that allowed the NEBTS to be on, or run under, the Property.

98.    As of May 10, 2013, Edge was a bona fide purchaser of the Property as Edge purchased the Property for value from First Hand without notice of the NEBTS being on, or running under, the Property.

99.    Edge is entitled to have title to the Property quieted such that Edge is vested with an absolute fee simple interest in the Property.

100.    Edge is entitled to have title to the Property quieted such that neither DC, nor anyone acting on its behalf, including DC Water, has any right use any part of the Property, either for location of the NEBTS or for purposes related to the operation of the NEBTS.


WHEREFORE, Counter-Plaintiff Edge Investment, LLC prays that this Honorable Court enter judgment in its favor and against the Third Party Defendant District of Columbia by:

(a)    Issuing a judicial declaration that the Amended Order to Raze did not comply with the District of Columbia Administrative Procedures Act, D.C. Code § 2-501, *et seq.* as the

Amended Order to Raze failed to state a valid violation justifying the issuance of the Amended Order to Raze;

(b)    Determining that the District of Columbia has violated Edge's constitutional rights to due process, equal protection under the law, and freedom from bills of attainder;

(c)    Determining that the District of Columbia has violated Edge's due process rights under the District of Columbia Administrative Procedures Act, D.C. Code § 2-209 et seq.;

(d)    Determining that D.C. Code § 6-801 is unconstitutional as it allows the deprivation of vested property rights without due process;

(e)    Determining that the District of Columbia has subjected Edge to a private taking and a taking without just compensation;

(f)    Determining that District of Columbia, by virtue of the NEBTS on the Property, has trespassed, and is currently trespassing, on the Property;

(g)    Issuing an order enjoining the District of Columbia from continuing its trespass;

(h)    Issuing an order determining that Edge Investment, LLC is the legal owner of the Property, that Edge holds title to the Property free and clear of any claim by the District of Columbia, including any claims under the Condemnation Certificate, the First Delinquent Costs Certificate, and the Second Delinquent Costs Certificate, which are void.

(i)    Awarding damages of not less than $1.6 million in compensatory damages, plus pre-judgment and post judgment interest;

(j)    Entering an award of costs, and

(k)    Issuing such other and further relief as may be proven at trial and as may be just and proper.

15

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: November 7, 2016

/s/ Debra F. Leege

Debra F. Leege (D.C. Bar No. 497380)
James D. Sadowski (D.C. Bar No. 446635)
John Patrick Brown, Jr. (D.C. Bar No. 417566)
1620 L Street, N.W., Suite 900
Washington, DC 20036
Telephone: (202) 452-1400
Emails: dfl@gdllaw.com
        jds@gdllaw.com
        jpb@gdllaw.com
*Counsel for the Edge Defendants*

## DEMAND FOR A JURY TRIAL AS TO ITS CROSSCLAIMS

The Defendant/Counter-Plaintiff, Edge Investments, LLC remands requests a trial by jury

as to all claims asserted in its Third Party Complaint for which a jury trial is allowed under

the law.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: November 7, 2016

/s/ Debra F. Leege

Debra F. Leege (D.C. Bar No. 497380)
John Patrick Brown, Jr. (D.C. Bar No. 417566)
1620 L Street, N.W., Suite 900
Washington, DC 20036
Telephone: (202) 452-1400
Emails: jds@gdllaw.com
        dfl@gdllaw.com
        jpb@gdllaw.com
*Counsel for the Edge Defendants*

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 7th day of November, 2016, a true copy of the foregoing Defendant Edge Investment, LLC's Third Party Complaint and Jury Trial Demand should be served electronically through CaseFileXpress upon all counsel of record.

/s/ Debra F. Leege
Debra F. Leege

17

EXHIBIT A

One Call Concepts Report Application

# Ticket Transmission Report

**Message Number: 13282502 Districts: ***
**Start Date: 05/22/2013 End Date: 06/30/2013**

| Ticket | Rev | District | Dist Class | Trans Time | Port | Cap-ability | Dist Seq# | Release Description | Station Code | Sta Seq# | Pri | Header | Status |
|--------|-----|----------|------------|------------|------|-------------|-----------|---------------------|--------------|----------|-----|--------|--------|
| 13282502 | 1 | WGL07 | N | 05-22-13 12:48:56 | email | EM | 158 | HOMEOWNER BYERMD00 | 1305 | 5 | | STANDARD | |
| 13282502 | 1 | PEPCODC | N | 05-22-13 12:48:56 | email | EM | 158 | HOMEOWNER BYERMD00 | 1305 | 5 | | STANDARD | |
| 13282502 | 1 | DCC01 | N | 05-22-13 12:48:58 | email3 | EM | 158 | HOMEOWNER DHL01 | 1096 | 5 | | STANDARD | |
| 13282502 | 1 | ATT01 | N | 05-22-13 12:48:58 | email | EM | 189 | HOMEOWNER ATT00 | 666 | 5 | | STANDARD | |
| 13282502 | 1 | WASA02 | N | 05-22-13 12:48:58 | email3 | EM | 254 | HOMEOWNER DHL01 | 1097 | 5 | | STANDARD | |
| 13282502 | 1 | DCDOT01 | N | 05-22-13 12:49:00 | ftp2out | FTPO | 128 | HOMEOWNER NTMSDC | 162 | 5 | | STANDARD | |
| 13282502 | 1 | NTMSDC | 1 | 05-22-13 12:49:00 | ftp2out | FTPO | 158 | HOMEOWNER NTMSDC | 162 | 5 | | STANDARD | |
| 13282502 | 1 | VDC | N | 05-22-13 12:49:00 | ftp2out | FTPO | 158 | HOMEOWNER NTMSDC | 162 | 5 | | STANDARD | |

End Of Report -- 8 records listed.

OCC-MU 000001

7/15/2016 12:21 PM

EXHIBIT B

One Call Concepts

# Status History Ticket No: 13282502

| Date | Type | District | Company | Status | Notes |
|------|------|----------|---------|--------|-------|
| 05/22/13 12:49:00 | Ticket Created | | | | |
| 05/22/13 12:59:41 | Ticket Check Response Added | ATT01 | AT&T TRANSMISSION | Clear/No conflict | |
| 05/22/13 15:23:08 | Ticket Check Response Added | WASA02 | DC WTR & SWR/PINPOINT UG | Clear/No conflict | |
| 05/23/13 10:36:33 | Ticket Check Response Added | VDC | VERIZON | Marked | |
| 05/23/13 14:15:35 | Ticket Check Response Added | WGL07 | WASHINGTON GAS-UTILIQUEST | Marked | Response by Utiliquest |
| 05/23/13 14:15:35 | Ticket Check Response Added | PEPCODC | PEPCO/DCI UTILITY LOCATING | Marked | Response by Utiliquest |

OCC-MU 000002

EXHIBIT C

Gmail - Fwd: Ticket Check Status for DC Ticket 13282502                    https://mail.google.com/mail/u/0/?ui=2&ik=35bc0f648e&view...



omololu fatukasi <lolufat@gmail.com>

## Fwd: Ticket Check Status for DC Ticket 13282502

**Abim Anif <abimanif@gmail.com>**                              Wed, Mar 25, 2015 at 2:37 AM
To: omololu fatukasi <lolufat@gmail.com>

Here's the ticket FYI

———— Forwarded message ————
From: **ticketcheck@managetickets.com** <ticketcheck@managetickets.com>
Date: Thursday, May 23, 2013
Subject: Ticket Check Status for DC Ticket 13282502
To: abimanif@gmail.com


Ticket Number:   **13282502**
Location:        1744 D ST NE  NE, DC

As of **05/23/2013 14:20:00 EST**, participating facility owners have responded to Ticket Check as follows:

| District Code | Status |
|---|---|
| AT&T TRANSMISSION | Clear/No conflict |
| COMCAST OF DC | Does not participate in Ticket Check |
| DC DOT/INSIGHT LLC | Does not participate in Ticket Check |
| PEPCO/UTILIQUEST | Marked |
| VERIZON -DCI UTILITY LOCATING | Marked |
| DC WTR & SWR/PINPOINT UG | Clear/No conflict |
| WASHINGTON GAS-UTILIQUEST | Marked |

To review this ticket in its entirety, visit Search and Status® on
www.managetickets.com.

Does not participate in Ticket Check: This member does not post their positive response status back to this system. It does not mean that they were not notified of the request to excavate.

Please direct all questions and concerns to your one call center.



EXHIBIT
P. 106

1 of 1                                                                              3/25/15 9:38 PM

MISS UTILITY CENTER

| Ticket No: | 13282502 | | | STANDARD | | HOMEOWNER |
| Transmit | Date: | 05/22/2013 | Time: | 12:49 | | |
| Original Call | Date: | 05/22/2013 | Time: | 12:35 | | |
| Work to Begin | Date: | 05/24/2013 | Time: | 12:45 | | |

| State: | DC | County: | NE | Place: | NE |
| Address: | 1744 | Street: | D ST NE | | |
| Nearest Intersecting Street: | | | 18TH ST NE | | |



The map is a third party product and may vary from the call center map.
To view the call center map, please click the "View Call Center Map" button.

**View Map**

## MISS UTILITY CENTER

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ticket No: | 13202502 | | STANDARD | | | HOMEOWNER | |
| Transmit Date: | 05/22/2013 | Time: | 12:49 | Op: | mdsherdi | | |
| Release Date: | 05/22/2013 | Time: | 12:35 | Op: | mdliffi | | |
| Response Due Date: | 05/24/2013 | Time: | 12:45 | | | | |
| Expire Date: | | Time: | | | | | |

### Caller Information

| | | | |
|---|---|---|---|
| Company: | HOMEOWNER | Fax Phone: | |
| Contact Name: | LOLU FATUKASI | Contact Phone: | (240) 286-4520   Ext: |
| Contact Email: | abimanif@gmail.com | | |
| Alt. Contact Name: | | Alt. Contact Phone: | |

### Dig Site Information

Type of Work:    NEW CONSTRUCTION OF BUILDING, INSTALLING WATER, SEWER, & GAS
Work Being Done For:   LOLU FATUKASI
Explosives:    N

### Dig Site Location

| | | | | | |
|---|---|---|---|---|---|
| State: | DC | County: | NE | Place: | NE |
| Address: | 1744 | | | | |
| Street: | D ST NE | | | | |
| Nearest Intersecting Street: | 18TH ST NE | | | | |

Extent of Work:
LOC ENTIRE PROPERTY TO INCLUDE THE STREET

Comments:

Attachment:

| | | | | |
|---|---|---|---|---|
| Ticket Mapping Map: NE | Map Number: 6529 | Grid Cells: D7 | | MNG: N |
| Map Generated Map: NE | Map Number: 5529 | Grid Cells: D7 | | |
| ExCoord NW Lat: 38.9000283 | Lon: -76.9912918 | SE Lat: 38.8937858 | | Lon: -76.9750061 |

### Members

| District Code | Company Name | Marking Concerns | Damage/Repair | Customer Service |
|---|---|---|---|---|
| ATT01 | AT&T TRANSMISSION | (800)252-1133 | (800)222-0300 | (800)222-0300 |
| DCC01 | COMCAST OF DC | (202)635-5511 | (877)359-1821 | (888)739-1379 |
| DCDOT01 | DC DOT/INSIGHT LLC | (703)378-0008 | (202)248-0092 | (202)248-0092 |
| PEPCODC | PEPCO/UTILIQUEST | (800)634-4385 | (202)833-7500 | (202)388-2195 |
| VDC | VERIZON - DCI UTILITY LOCATING | (800)634-4385 | (888)496-1588 | (800)837-4966 |
| WASA02 | DC WTR & SWR/PINPOINT UG | (301)866-6803 | | |
| WGL07 | WASHINGTON GAS-UTILIQUEST | (301)210-0355 | (703)750-1000 | (703)750-1000 |

EXHIBIT D

# District One Call

| | | | |
|---|---|---|---|
| **Ticket No:** | 13282502 | | STANDARD |
| **Original Call Date:** | 05/22/13 12:35 pm | **Op / Rev Op:** | mdtiff / mdsherdi |
| **Response Due By:** | 05/24/13 12:45 pm | **Expiration Date:** | |

**CALLER INFORMATION**

| | | | |
|---|---|---|---|
| **Company Name:** | HOMEOWNER | **Fax Phone:** | |
| **Contact Name:** | LOLU FATUKASI | **Phone:** | 240-286-4529 |
| **Caller Address:** | 12614 WILLOW MARSH LANE BOWIE,MD 20720 | | |
| **Email Address:** | abimanif@gmail.com | | |
| **Job Site Contact:** | | **Phone:** | |

**DIG SITE INFORMATION**

| | |
|---|---|
| **Type of Work:** | NEW CONSTRUCTION OF BUILDING, INSTALLING WATER,SEWER, & GAS |
| **Work Being Done For:** | LOLU FATUKASI |
| **Explosives:** | N |
| **Permit:** | **MDOT Permit:** |
| **Job Number:** | |

**DIG SITE LOCATION**

| | | | |
|---|---|---|---|
| **State:** | DC | **County:** | NE |
| **Place:** | NE | **Subdivision:** | |
| **Address:** | 1744 | | |
| **Street:** | D ST NE | | |
| **Intersecting Street:** | 18TH ST NE | | |
| **Extent of Work:** | LOC ENTIRE PROPERTY TO INCLUDE THE STREET | | |
| **Remarks:** | | | |
| **Map Coord NW Lat:** | 38.9000283 | **Lon:** | -76.9812918 |
| **SE Lat:** | 38.8937858 | **Lon:** | -76.9750061 |

**MEMBERS NOTIFIED**

| District | Company Name | Marking Concerns | Damage | Customer Service | Status |
|---|---|---|---|---|---|
| ATT01 | AT&T TRANSMISSION | 800-252-1133 | 800-222-0300 | 800-222-0300 | Clear/No conflict |
| DCC01 | COMCAST OF DC | 804-562-3409 | 877-359-1821 | 888-739-1379 | Will mark or respond to excavator directly |
| DCDOT01 | DC DOT/INSIGHT LLC | 703-378-9008 | 202-248-0092 | 202-248-0092 | Will mark or respond to excavator directly |
| PEPCODC | PEPCO/DCI UTILITY LOCATING | 800-634-4385 | 202-833-7500 | 202-388-2195 | Marked (Response by Utiliquest) |
| VDC | VERIZON | 800-634-4385 | 888-496-1588 | 800-837-4966 | Marked |
| WASA02 | DC WTR & SWR/PINPOINT UG | 301-868-6803 | | | Clear/No conflict |
| WGL07 | WASHINGTON GAS-UTILIQUEST | 301-210-0355 | 703-750-1000 | 703-750-1000 | Marked (Response by Utiliquest) |

**Legend:** ☐ Locate Polygon



# EXHIBIT E



EXHIBIT

R 5

water is life

Office of the General Manager

DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY I 5000 OVERLOOK AVENUE, SW I WASHINGTON, DC 20032

April 20, 2015

**By First-class and Electronic Mail**

Melinda Bolling, Director
District of Columbia Department of Consumer and Regulatory Affairs
1100 4th Street, SW, 5th Floor
Washington, DC 20024
Melinda.Bolling@dc.gov

*Re:    Request for immediate removal of the building located at 1744 D Street, NE, Washington,
       DC 20002 to protect the health and safety of the citizens of the District of Columbia*

Ms. Bolling:

The District of Columbia Water and Sewer Authority ("DC Water") is requesting that the
District of Columbia Department of Consumer Affairs and Regulation ("DCRA") withdraw its
current notice of intent to raze the two unit condominium building constructed at 1744 D Street
NE, Washington, DC 20002 (the "Building") issued pursuant to 12A DCMR § 115 and issue a
new notice of immediate intent to raze the Building pursuant to 12A DCMR § 116 inasmuch as
the Building endangers the North East Boundary Tunnel Sewer ("NEBTS").

As you are aware the Building is constructed over a section of the NEBTS.  At the location
where it passes under the Building the NEBTS is a 110 year old brick-arch combined sanitary
and storm-water sewer.  DC Water did not approve the plans for the Building prior to its
construction and first became aware of the Building in late 2013.  After receiving a request to
connect water and sewer services to the Building DC Water began an investigation to determine
what impact, if any, the Building might have on the NEBTS.

DC Water staff performed an in-house 3D FEM analysis using STAAD Pro software. That
analysis indicated that the Building is putting tension on the NEBTS on the crown as well as on
both sides of the bench. A subsequent independent evaluation of the impact of the Building on
the NEBTS using 3D Plaxis software reached the same conclusion.

On November 21, 2014, based on the results of the two 3D models, DC Water staff entered the
sewer and found a recent 15-foot-long crack in the crown of the sewer underneath the Property in
the area where the models indicated that the NEBTS was being subjected to tension. This
inspection also identified separation of bricks on the bottom of the sewer. Subsequent visual
inspection found that the crack on the crown was expanding. The crack expanded to 40 feet by
December 15, 2014. DC Water personnel investigated several repair solutions to strengthen the

Melinda Bolling
April 20, 2015
Page 2

crown; however, we concluded that there was no viable repair that would address the damage caused by the tension on the bench of the sewer. DC Water requested that DCRA wait to raze the Building until the crown of the NEBTS was strengthened by the application of a carbon-fiber liner to the interior of the sewer where the crack had been observed.

In January 2015, after DCRA agreed to postpone demolition of the Building, DC Water contracted with the Structural Group to design and apply a carbon-fiber lining to the then expanded 55 foot section of the NEBTS where the crack was located. During the course of the application of the carbon-fiber liner the crack continued to grow, and is currently 215 feet long. The consensus of DC Water engineering staff and its independent consultant is that inasmuch as the sewer's brick-arch construction cannot take tension in order to relieve the tension the brick–arch construction is breaking down both inside and outside of the tunnel. The engineers further agreed that given the conditions being observed within the NEBTS there is no way to predict when the crack will stop expanding on its own and that the source of the tension on the sewer, the Building, must be removed.

In the event of a 10-year rain event or high water level in the Anacostia River, the NEBTS may begin to surcharge above the crown of the sewer. In the event of a 15-year rain event the water level in the NEBTS surcharges as much as 5 feet above the crown. Based on the distance between the top of the NEBTS and the bottom of the Building this would result in sewage entering the Building posing a danger to any occupant of the Building. Furthermore, during significant rain events not reaching 10 or 15-year levels, the NEBTS is subjected to additional tension as the sewer begins to fill above its dry weather level. The DC Water engineering team has concluded that tension caused by additional water flow in the NEBTS during a significant storm event, combined with the tension from the Building on the crown and bench of the NEBTS could subject the sewer to collapse.

Given the rapid growth of the crack since it was first observed in November 2014 and the additional stress that the NEBTS would be subject to in the case of a 15-year rain event, DC Water engineers are of the opinion that the Building presents an immediate threat to the sewer. If the NEBTS were to fail it would pose an environmental threat to the neighborhood that the Building is located within due to the release of raw untreated sewage, possibly cause flooding in the areas served by the combined sewer and potentially cause bodily harm to anyone occupying the Building at the time of the failure. Notwithstanding these dangers, as discussed above, the raze process could not commence until the installation of the carbon-fiber liner was complete, due to concern that the NEBTS might collapse during demolition if the crown was not first reinforced. The final inspection and approval for the carbon-fiber liner occurred on April 16, 2015. Given that the carbon fiber is now in place DC Water requests that DCRA take immediate action pursuant to 12A DCMR § 116 to raze the Building as an imminent threat to the health and safety of the citizens of the District of Columbia.

Melinda Bolling
April 20, 2015
Page 3


Very truly,

George S. Hawkins
General Manager


C:     Edge Investments, LLC c/o John Patrick Brown, Esquire.
       Capital Bank
       Doris Parker-Woolridge, Esquire

EXHIBIT F

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS

Office of the Chief Official
Inspections and Permit Operations



## AMENDED ORDER TO RAZE

TO:  OWNER AND OCCUPANTS

DCRA AMENDS ITS INITIAL ORDER TO RAZE BY DELETING TITLE 12 A, SECTION 113 OF THE
DISTRICT OF COLUMBIA MUNICIPAL REGULATIONS.  THIS AMENDED ORDER TO RAZE IS
HEREBY ISSUED TO THE OWNER AND OCCUPANTS THAT THE STRUCTURE AT <u>1744 D STREET,
N.E. (SQUARE 4546/LOT 168)</u>, ("BUILDING") SHALL BE RAZED WITHIN THREE (3) CALENDAR
DAYS FROM THE POSTING OF THIS AMENDED ORDER ON APRIL 22, 2015.

PURSUANT TO TITLE 12 A, SECTION 116.1 OF THE DISTRICT OF COLUMBIA MUNICIPAL
REGULATIONS, AND D.C. OFFICIAL CODE SECTIONS 6-801 AND 42-3131.01 (c), THE BUILDING
CODE OFFICIAL OF DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS ("DCRA") HAS
DETERMINED BASED ON DC WATER'S FINDINGS THAT THIS BUILDING CREATES AN UNSAFE
CONDITION BECAUSE IT PRESENTS AN IMMINENT DANGER AND CATASTROPHIC THREAT TO
THE STRUCTURAL VIABILITY OF THE NORTHEASTERN BOUNDARY TUNNEL SEWER
("NEBTS/SEWER").  THE SEWER'S COLLAPSE WOULD IMPERIL OTHER STRUCTURES IN THE
VICINITY.

SPECIFICALLY, THE STRUCTURE MUST BE RAZED FOR REASONS INCLUDING BUT NOT LIMITED
TO THE FOLLOWING: <u>THE BUILDING AND/OR IMPROVEMENTS WERE CONSTRUCTED, IN
PART, DIRECTLY OVER AND UPON AN EXISTING FIFTY FOOT (50 FT.) SEWER EASEMENT
CONTAINING THE TWENTY-TWO FOOT (22 FT.) NEBTS;  DC WATER INSPECTIONS OF THE
SEWER HAVE REVEALED A LONGITUDINAL CRACK WHICH HAS PROGRESSED FROM
FIFTEEN FEET (15 FT.) TO  APPROXIMATELY TWO HUNDRED FIFTEEN FEET (215 FT.) AND
THE BUILDING CONTINUES TO PLACE TENSION ON THE NEBTS, THE CROWN, AND BOTH
SIDES OF THE BENCH; THE CONSTRUCTION OF THE SEWER DOES NOT PERMIT IT TO
WITHSTAND THE ECCENTRIC LOAD CAUSED BY THE BUILDING; AND THE TENSION ON THE
NEBTS IS A THREAT TO ITS STRUCTURAL INTEGRITY WHICH MAY SUBJECT THE SEWER TO
COLLAPSE, PRESENTING AN ENVIRONMENTAL THREAT AND IMMINENT DANGER TO THE
HEALTH AND SAFETY OF THE RESIDENTS OF THE DISTRICT OF COLUMBIA THROUGH
HAZARDS LIKE THE  RELEASE OF RAW SEWAGE.  ALSO THE OWNER DID NOT OBTAIN THE
REQUIRED DC WATER APPROVAL BEFORE HE BUILT THE NEW STRUCTURE.</u>

IF THERE ARE ANY BUILDING OCCUPANTS, YOU ARE HEREBY ORDERED TO VACATE THE
BUILDING IMMEDIATELY UPON SERVICE OF THIS AMENDED ORDER.  IF SAID OCCUPANTS FAIL
TO DO SO, THE DEPARTMENT MAY HAVE THE OCCUPANTS REMOVED FROM THE BUILDING.

THIS AMENDED ORDER MAY BE APPEALED WITHIN 72 HOURS BY FILING A WRITTEN REQUEST,
ATTN: CLERK FOR THE OFFICE OF ADMINISTRATIVE HEARINGS ("OAH") AT 441 4TH STREET,
N.W., SUITE 450N, WASHINGTON, D.C. 20001. HOWEVER THE FILING OF AN APPEAL DOES NOT
STAY THE ENFORCEMENT OF THIS AMENDED ORDER.  IF THERE ARE ANY OCCUPANTS IN THE
BUILDING, YOU MAY CONTACT THE OFFICE OF THE TENANT ADVOCATE AT (202) 719-6560.

BY: _____
RABBIAH SABBAKHAN
CHIEF BUILDING CODE OFFICIAL
DEPARTMENT OF CONSUMER AND
REGULATORY AFFAIRS

## CERTIFICATE OF SERVICE

I certify that on April 22, 2015, a copy of the Amended Order to Raze was served via posting on

the structure, electronic mail, personal service, and with the U.S. Postal Service, first-class mail and

postage prepaid to the following:

John Patrick Brown, Esq.
Greenstein, DeLorme, and Luchs, PC
1620 L Street, N.W., Suite 900
Washington, D.C.  20036
jpb@gdllaw.com
Counsel for Petitioner

Frederick A. Douglas, Esq.
Alex M. Chintella, Esq.
Gregory J. Matherne, Esq.
Douglas & Boykin, PLLC
1850 M Street, N.W., Suite 640
Washington, D.C.  20036
achintella@douglasboykin.com
Counsel for Intervenor

First Hand Land LLC
c/o Incorp Service, Inc., Registered Agent
1090 Vermont Avenue, N.W., Suite 910
Washington, D.C.  20005

First Hand Land LLC
300 Oklahoma Avenue, N.E.
Washington, D.C.  20002

Edge Investment LLC
300 Oklahoma Avenue, N.E.
Washington, DC  20017

and

Edge Investment LLC
c/o Business Filings, Inc., Registered Agent
1015 15th Street, N.W., Suite 1000
Washington, D.C.  20005

Paul Merritt, Senior Vice-President
Scott R. Browning, Trustee
Paul Merritt, Trustee
Capital Bank, NA
Commercial Lending
One Church Street, Suite 300
Rockville, VA 20850


Doris A. Parker-Woolridge, Esq.

POSTED BY: _____

Date: _____, 2015, at _____.m.

EXHIBIT G

Doc #: 2014097894
Filed & Recorded
10/24/2014 09:02 AM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS



## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
### HOUSING REGULATION ADMINISTRATION
### BOARD FOR THE CONDEMNATION OF INSANITARY BUILDINGS

### CERTIFICATE OF ORDER OF CONDEMNATION
### FOR INSANITARY BUILDING

DISTRICT OF COLUMBIA

vs.

Edge Investments LLC
12614 Willow Marsh Ln
Bowie, MD 20720

Date: 10/24/2014

Square - 4546  Suffix -  Lot - 0168

Assmt Control #:  14-200

Address of Premises:

1744 D St NE
Washington, DC

This Certificate is filed under the authority of and pursuant to Title 5, Chapter 7 of the District of Columbia Code, 1981 Edition, (Public Law 83-681, approved May 1, 1906, 34 Stat. 157, as amended).

The Board for the Condemnation of Insanitary Buildings (Board) ORDERED on the date specified above that the building identified by the Square, Suffix, and Lot, and located at the premise address, as detailed above, be CONDEMNED.

The property has been found to be in such insanitary condition as to endanger the health, safety, or lives of the occupants thereof and/or persons living in the vicinity of the property. See Schedule of Deficiencies and Insanitary Conditions on file with the Board.

**THIS CERTIFICATE REMAINS IN FULL FORCE AND EFFECT UNTIL RESCINDED BY AN ORDER OF THE BOARD.**

By:

*Gilbert Davidson*

Manager
Inspection & Compliance Administration

EXHIBIT H

Doc #: 2015093640
Filed & Recorded
09/11/2015 03:05 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
HOUSING REGULATION ADMINISTRATION
**CERTIFICATE OF DELINQUENT COSTS**
**FOR CORRECTION OF WRONGFUL HOUSING CONDITIONS**

DISTRICT OF COLUMBIA

vs.

Edge Investment LLC
12614 Willow Marsh Lane
Bowie, MD 20720-4651

Date: 9/11/2015

Square - 4546  Suffix -  Lot - 0168

Assmt Control #: 15-01330

Address of Premises:

1744 D Street NE

This Certificate is filed under the authority of and pursuant to Title 42, Chapter 42, Section 3131 of the D.C. Code, 2002 Edition, as amended. The District of Columbia shall have a continuing lien for taxes against the property for correction of wrongful conditions including administrative, contracting, and advertising costs, if any.

This Certificate, from the date of its filing, has the force and effect, as against the aforesaid delinquent party or parties, of a lien created by a judgment granted by the Superior Court of the District of Columbia. This lien remains in force and effect until all fines set forth below, together with penalties and interest thereon, shall be paid.

**Assessed Amount: $3,385,593.31**

By:

Paul E. Waters, Esq.
Deputy Director
Enforcement and Legislative Affairs

EXHIBIT I

Doc #: 2015093672
Filed & Recorded
09/11/2015 03:22 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**

**DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS**

**HOUSING REGULATION ADMINISTRATION**

**CERTIFICATE OF DELINQUENT COSTS**

**FOR CORRECTION OF WRONGFUL HOUSING CONDITIONS**

DISTRICT OF COLUMBIA

vs.

Edge Investment LLC

12614 Willow Marsh Lane

Bowie , MD 20720-4651

Date: 9/11/2015

Square - 4546  Suffix -  Lot - 0168

Assmt Control #: 15-01331

Address of Premises:

1744 D Street NE

This Certificate is filed under the authority of and pursuant to Title 42, Chapter 42, Section 3131 of the D.C. Code, 2002 Edition, as amended. The District of Columbia shall have a continuing lien for taxes against the property for correction of wrongful conditions including administrative, contracting, and advertising costs, if any.

This Certificate, from the date of its filing, has the force and effect, as against the aforesaid delinquent party or parties, of a lien created by a judgment granted by the Superior Court of the District of Columbia. This lien remains in force and effect until all fines set forth below, together with penalties and interest thereon, shall be paid.

**Assessed Amount: $267,351.00**

By:

Paul E. Waters, Esq.

Deputy Director

Enforcement and Legislative Affairs