UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 16-2456 (ABJ) |
| FIRST HAND LAND, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Plaintiff has filed a motion to remand this removed action to the Superior Court of the District of Columbia. Pl.'s Opposed Mot. for Remand to Super. Ct. of D.C. [Dkt. # 17] ("Pl.'s Mot."). Because the Court concludes that it lacks jurisdiction, it will grant the motion and remand the case.

On January 8, 2016, plaintiff, the District of Columbia Water and Sewer Authority, brought a negligence action in the Superior Court of the District of Columbia against defendants First Hand Land, LLC ("First Hand"); Bello, Bello, and Associates, LLC ("Bello"); several employees of the D.C. Department of Consumer and Regulatory Affairs ("DCRA"); Edge Investment, LLC ("Edge"); and Edge's Chief Executive Officer, seeking recovery for damage caused to the Northeast Boundary Tunnel Sewer during the course of a construction project. Compl. [Dkt. # 11-5] at 126–43. Plaintiff filed an amended complaint on April 7, 2016. First Am. Compl. [Dkt. # 11-4] at 12–35.

On October 24, 2016, defendant Edge filed a counterclaim against plaintiff DC Water and Sewer, claiming violations of the constitutional guarantee of due process, unconstitutional taking of private property, trespass, and negligence. Edge's Countercls. & Demand for Jury Trial [Dkt.

# 11] at 254–68. Edge filed an amended counterclaim on February 1, 2017, alleging additional violations of its procedural and substantive due process rights. Edge's Am. Countercls. & Demand for Jury Trial [Dkt. # 22]. And on November 7, 2016, Edge filed a third-party complaint against defendant the District of Columbia. Edge's Third Party Compl. & Demand for Jury Trial [Dkt. # 11] at 162–78. The third-party complaint alleges that the District violated Edge's due process rights, and that the District authorized an unconstitutional taking of Edge's property, among other claims. *Id.*

In response to the counterclaim filed against it by Edge, DC Water and Sewer filed a third-party complaint for contribution and indemnification against Pinpoint Underground, LLC. Third-Party Compl. [Dkt. # 11] at 207–11.

And on December 16, 2016, the District of Columbia filed a notice of removal which purported to remove Edge's third-party complaint to this Court. Notice of Removal [Dkt. # 1].

On January 19, 2017, the original plaintiff, DC Water and Sewer, filed a motion to remand the case to the Superior Court. Pl.'s Mot. The party that removed the matter, the District of Columbia, subsequently notified the Court that it would not oppose remand. Praecipe Notifying Ct. That D.C. Does Not Opp. Remand [Dkt. # 26] ("D.C.'s Non-Opp. of Remand") at 2. However, Pinpoint Underground and Edge both oppose plaintiff's request to remand the case. Third Party Def. Pinpoint Underground LLC's Opp. to Pl.'s Mot. for Remand [Dkt. # 21] ("Pinpoint's Opp."); Edge's Mem. in Opp. to Pl.'s Mot. [Dkt. # 27] ("Edge's Opp."). Plaintiff has replied in support of its motion. Combined Reply to Opps. to Pl.'s Mot. [Dkt. # 29].

## ANALYSIS

Here, the removing party, the District of Columbia, does not oppose remand. D.C.'s Non-Opp. of Remand at 2. It is unclear whether Edge, which chose to litigate its claims in Superior

Court in the first instance, or Pinpoint, a third-party defendant, has standing to oppose the motion. But even if they can be heard on this issue, the law tends to favor remand under these circumstances.

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). The federal removal statute, 28 U.S.C. § 1441, provides that civil actions "may be removed by the defendant or the defendants" when the claim "aris[es] under the Constitution, law or treaties of the United States." 28 U.S.C. § 1441. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In this case, plaintiff's complaint alleges negligence under state law. *See* First Am. Compl. While the D.C. Circuit has not addressed the issue, courts in this district have consistently applied *Caterpillar* to conclude that a "cause of action arises under federal law only when the federal claim can be found on 'the face of the complaint and only the face of the complaint.'" *U.S. Airways Master Exec., Council v. Am. West Master Exec. Council*, 525 F. Supp. 2d 127, 132–33 (D.D.C. 2007), quoting *Strategic Lien Acquisitions LLC v. Republic of Zaire*, 344 F. Supp. 2d 145, 148 (D.D.C. 2004); *see also Zuurbier v. MedStar Health, Inc.*, 306 F. Supp. 2d 1, 4 (D.D.C. 2004). And while circuits are split on the issue, the majority of the circuits that have considered the issue have concluded that a third-party defendant may not remove an action under section 1441(c). *See*

*First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 463–64 (6th Cir. 2002); *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991); *Thomas v. Shelton*, 740 F.2d 478, 487 (7th Cir. 1984); *but see Carl Heck Eng'rs, Inc. v. Lafourche Par. Police Jury*, 622 F.2d 133, 135–36 (5th Cir. 1980) (authorizing third-party removal if the claim is separate and independent from the plaintiff's original claim). Leading commentators on civil procedure ascribe to the majority view. *See* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3722.3 (4th ed. 2017).

Particularly under the circumstances here, where the removing party does not oppose remand, the Court will follow other courts in this district and the majority of the circuits that have concluded that a third-party defendant may not remove an action to federal court. Because there are no federal claims on the face of plaintiff's complaint, *Caterpillar*, 482 U.S. at 392, the Court lacks subject matter jurisdiction over this action. It is hereby

**ORDERED** that plaintiff's motion to remand is **GRANTED**. This case shall be remanded to the Superior Court of the District of Columbia.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE: March 1, 2017